Hon. Brenda Gilbert, Chairperson, Hon. Kathy Seeley, Member and Hon. Brad Newman, Member.

## Montana Thirteenth Judicial District Court.
### County of Yellowstone.

**STATE OF MONTANA,**
    **Plaintiff,**
**-vs-**
**DANIAL ALLEN BRYAN,**
    **Defendant.**

**CAUSE NO. DC-13-717**
**DECISION**

On September 5, 2014, the Defendant was sentenced as follows: <u>Count I</u>: Incest, a Felony, the Defendant was committed to the Montana State Prison under §46-18-201, MCA, for fifteen (15) years; <u>Count II</u>: Incest, a Felony, the Defendant was committed to the Montana State Prison under §46-18-201, MCA, for fifteen (15) years; <u>Count III</u>: Incest, a Felony, the Defendant was committed to the Montana State Prison under §46-18-201, MCA, for fifteen (15) years; <u>Count IV</u>: Incest, a Felony, the Defendant was committed to the Montana State Prison under §46-18-201, MCA, for fifteen (15) years; <u>Count V</u>: Incest, a Felony, the Defendant was committed to the Montana State Prison under §46-18-201, MCA, for fifteen (15) years. Counts I, II, III, IV and V were ordered to run consecutively with each other.

The Defendant was designated a Level I Sexual Offender under §46-23-509(3)(b), MCA. It was further ordered that the Defendant complete all phases of the Sexual Offender Treatment Program at the Montana State Prison. It was further ordered that, in accordance with Section §46-18-202(2), MCA, the Defendant is not eligible for parole for the first twenty five (25) years. The Defendant received credit for time spent in pre-trial incarceration from August 25, 2013 to September 5, 2014.

On May 5, 2016, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant appeared by video conferencing from Crossroads Correctional Center and was represented by Peter Ohman of the Office of the State Public Defender. Yellowstone County Deputy Attorney Mary Leffers Barry submitted a statement, but did not appear.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is

presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

Defense Counsel made a Motion to strike the Deputy County Attorney's written submission asserting that the letter supplements the record and per SRD Rule 11 "the Division shall consider only information which was available to the sentencing judge at the time of sentencing." The Division unanimously denied the Motion because the letter only cited matters before the court and comported with the State's Sentencing Memorandum.

Defense Counsel made a second Motion to strike the Deputy County Attorney's letter because it gave reasons to support the Defendant's parole restriction. The Division unanimously denied the second Motion because the letter did not present new information and was a reiteration of the Sentencing Memorandum. Moreover, the reasons for imposing the parole restriction were set forth in the District Court's Judgment.

Defense Counsel made a third Motion to strike the Deputy County Attorney's letter in that it fundamentally deprived the Defendant of due process as guaranteed by the Montana Constitution Article II, Section 17 and the U.S. Constitution, 14th Amendment. Defense Counsel argued that it was not a fair process for the prosecuting attorney not to attend the hearing and submit a letter instead. The Division denied the Motion stating that in this particular instance, the judges did not believe due process had been denied. New information was not presented by the Deputy County Attorney's letter.

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive. Therefore, it is the unanimous decision of the Division that the sentence is **AFFIRMED**.

Done in open Court this 5th day of May, 2016.

DATED this 10th day of June, 2016.

Hon. Brenda Gilbert, Chairperson, Hon. Brad Newman, Member and Hon. Kathy Seeley, Member.